UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

CHRISTOPHER MICHAEL WATKINS,
        *Defendant-Appellant.*

No. 01-4345

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry C. Morgan, Jr., District Judge.
(CR-00-43)

Submitted: November 14, 2001

Decided: December 4, 2001

Before WIDENER, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

John G. Lafratta, COWAN, NORTH & LAFRATTA, L.L.P., Richmond, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, Matthew W. Hoffman, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

A jury convicted Christopher Michael Watkins of possession of a firearm by a convicted felon. On appeal, he alleges that the evidence was insufficient to support the finding of guilt and that his counsel rendered ineffective assistance. Finding no error, we affirm.

On direct appeal of a criminal conviction, a "verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). In the present case, we find that the evidence, viewed in the light most favorable to the Government, was sufficient for a rational trier of fact to determine that Watkins possessed a firearm and threw it while being pursued by the police.

We review claims of ineffective assistance of counsel on direct appeal only when the ineffectiveness "conclusively appears" on the record. *United States v. Smith*, 62 F.3d 641, 651 (4th Cir. 1995). Otherwise, such claims should be raised in the district court in a post-conviction proceeding rather than in this court by direct appeal. *Id.* In the present case, there is nothing in the record that clearly shows that counsel was deficient for failing to move for a downward departure, given Watkins' extensive criminal history. In addition, because the record does not show that a juror was sleeping during Watkins' trial, counsel was not clearly deficient for not raising an objection.

Accordingly, we affirm Watkins' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*